# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Alejandro Lopez | Case No.: 2:24-cv-00591-GMN-DJA |
| Petitioner | **Order** |
| v. | |
| GNLV Corp., | |
| Respondents | |

Petitioner Alejandro Lopez, a *pro se* Nevada pretrial detainee, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2241. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Petitioner's Applications for Leave to Proceed *In Forma Pauperis* (("IFP") ECF Nos. 1, 5). The Court grants the IFP Applications, but summarily denies the Petition because it is without merit on its face.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner filed his Petition on a § 2241 habeas form. He asserts that he is challenging the dismissal of his 42 U.S.C. § 1981, § 1983, and § 1985 civil rights claims asserted in a separate action, *Lopez v. GNLV Corporation*, Case No.: 2:17-cv-1712-RFB-VCF, based on allegations that security at the Golden Nugget Casino detained him and brutally assaulted him. Petitioner's civil rights action was dismissed for want of prosecution in June 2021. *See* Case No.: 2:17-cv-1712-RFB-VCF at ECF No. 73. Petitioner requests a settlement conference in the closed civil rights action. ECF No. 1-1 at 8.

Petitioner fails to raise a claim that is cognizable under 28 U.S.C. § 2241. Generally, habeas corpus claims are available to prisoners that are seeking relief from unlawful imprisonment or custody. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Here, Petitioner is attempting to reopen his closed civil rights case to pursue a settlement conference.[2] Accordingly, the Court denies the Petition and dismisses this action.

It is therefore ordered that Petitioner Alejandro Lopez's Petition for Writ of Habeas Corpus (ECF No. 1-1) is denied.

It is further ordered that Petitioner's IFP Applications (ECF Nos. 1, 5) are granted.

///

---

[2] Petitioner may elect to file a Motion for Relief from Judgment in his closed civil rights action. "Federal Rule of Civil Procedure 60(b) 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). *See also Wood v. Ryan*, 759 F.3d 1117, 1119 (9th Cir. 2014).

2

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the Petition to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED: May 17, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE